IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| MARIAMMA FLOWERS, | * | |
| Plaintiff, | * | |
| v. | * | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * | |
| | * | Civil Action No. GLS 21-0461 |
| Defendant/Third Party Plaintiff, | * | |
| v. | * | |
| DARLENE LOUISE CUMERBERLAND, | * | |
| Third Party Defendant. | * | |
| * * * | | |

**MEMORANDUM OPINION**

This matter has been referred to me for all further proceedings pursuant to 28 U.S.C. § 636(a) and with the consent of the parties. (ECF Nos. 5, 25, 35).

Pending before this Court is a notice of intent to file a motion for sanctions filed by Defendant Washington Metropolitan Area Transit Authority ("WMATA"), which WMATA asked this Court to construe as a Motion for Sanctions. (ECF No. 75). In the Motion for Sanctions, Defendant WMATA argued that the instant case should be dismissed with prejudice because Plaintiff Mariamma Flowers ("Plaintiff") has failed to respond to discovery requests first served on her on November 17, 2021. (*Id.*). Third Party Defendant Darlene Louise Cumberland ("Defendant Cumberland") joined the Motion for Sanctions. (ECF No. 77). As set forth herein, Plaintiff has failed to respond to Defendants' discovery requests and multiple court orders. Regarding the Motion for Sanctions, Plaintiff has not filed a response, and the time for Plaintiff to

oppose it has passed. Local Rule 105.2(a) (D. Md. 2021). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Defendants' Motions for Sanctions are **GRANTED.**

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On January 5, 2021, Plaintiff filed suit against Defendant WMATA in the Circuit Court for Prince George's County, claiming negligence resulting from a Metrobus' involvement in a motor vehicle collision that occurred on January 5, 2018. (ECF No. 4, ¶¶ 3-11). Plaintiff claims that as a result of Defendant WMATA's negligence, she sustained "severe and prolonged pain and suffering in the past and present," and incurred damages. (*Id.*). On February 23, 2021, Defendant WMATA removed this action to the instant court, filed an Answer and Third Party Complaint against Defendant Cumberland, the driver of the motor vehicle. (ECF Nos. 1, 3). Ultimately, Third Party Defendant Cumberland filed an Answer. (ECF No. 15).

On November 3, 2021, a Scheduling Order was entered in this case. (ECF No. 17). On November 24, 2021, the case was referred for mediation, which was originally scheduled for April 28, 2022. (ECF No. 29, 36).

Thereafter, Plaintiff requested leave to amend her complaint so that she could also plead an alternative theory of negligence committed by Defendant Cumberland. (ECF No. 39). Plaintiff's request was granted, and the Amended Complaint was filed. (ECF Nos. 48, 52).

On January 19, 2022, counsel for Plaintiff filed a motion to withdraw, alleging that he had been unable to communicate with Plaintiff despite numerous attempts to do so. (ECF No. 49). While this motion was pending, on January 26, 2022, Defendant WMATA filed a notice of intent to file a motion to compel discovery. In that letter motion to compel, WMATA asserted that requests for production of documents and interrogatories ("discovery requests") had been served

2

on Plaintiff on November 17, 2021, but Plaintiff had failed to respond. (ECF No. 52). On January 31, 2022, the Court ordered Plaintiff to file a response to the letter motion to compel by February 14, 2022. (ECF No. 55). On February 10, 2022, counsel for Plaintiff filed a response to the letter motion to compel, attaching the written responses that Plaintiff had made to some discovery requests on February 7, 2022. (ECF Nos. 60, 60-1). In that response, counsel for Plaintiff made clear that his ability to respond on Plaintiff's behalf to the discovery requests was limited because his efforts to communicate with his client had been in vain. (*Id.*).

On March 3, 2022, the Court presided over a discovery dispute hearing, and issued an order on March 4, 2022, resolving some outstanding discovery disputes. (ECF Nos. 62, 63). In that Order, the Court also directed Plaintiff's counsel to contact Plaintiff about his motion to withdraw as counsel. (*Id.*). Subsequently, Plaintiff's counsel notified the Court that he had sent a letter to Plaintiff, but she failed to respond. (ECF No. 64).

On March 21, 2022, because counsel for Plaintiff demonstrated good cause, the Court granted the motion to withdraw. (ECF No. 65). The Clerk of the Court mailed a copy of the order granting the motion to withdraw and letter notice to Plaintiff that she would be proceeding *pro se* unless/until another attorney entered his/her appearance on Plaintiff's behalf. (ECF No. 66). The documents were mailed to Plaintiff at her address of record in this case. Ultimately, that mail to Plaintiff was returned to the Clerk of the Court as undeliverable on May 2, 2022. (ECF No. 73).[1]

On April 21, 2022, the Defendants filed a Joint Motion to Compel Discovery, alleging that Plaintiff had still failed to respond to their discovery requests. (ECF No. 70). Defendants filed proof of mailing the motion to Plaintiff. (ECF No. 71). On May 10, 2022, this Court granted the Defendants' Joint Motion to Compel, and directed Plaintiff to respond to the discovery requests

---

[1] To date, Plaintiff has not provided the court with another address, as required by Local Rule 102.1(b)(iii).

3

by no later than June 14, 2022.  The Clerk of the Court mailed the Order to Plaintiff at her last known address.  (ECF No. 74).

As stated previously, on June 15, 2022, Defendant WMATA filed a Motion for Sanctions, to which Defendant Cumberland joined.  (ECF Nos. 75, 77).  On June 22, 2022, the Court issued an order directing Plaintiff to show cause by no later than July 13, 2022 as to why her case should not be dismissed with prejudice.  The Court specifically admonished Plaintiff that her failure to abide by the order and the Court's prior orders could result in dismissal of her case.  As was the case with all prior orders, this order was mailed to Plaintiff at her last known address.  (ECF No. 78).  On July 13, 2022, the letter was returned as undeliverable.  (ECF No. 79).

On September 21, 2022, the Court issued another order directing Defendants to attempt to communicate again with Plaintiff about the outstanding discovery requests by no later than October 15, 2022, and to update the Court on its efforts by no later than October 31, 2022.  (ECF No. 80).  That order also directed Plaintiff to show cause by no later than October 31, 2022 as to why her case should not be dismissed.  (*Id.*).

On October 24, 2022, the Defendants filed a Joint Status Report ("JSR").  In their JSR, Defendants supplemented the record with evidence of additional efforts to serve Plaintiff via mail with their discovery requests on March 11, 2022, September 21, 2022, and September 27, 2022.  Both of those letters were returned to Defendant WMATA as undeliverable.  (ECF Nos. 82, 82-1 through 82-5).

II.  **DISCUSSION**

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), a trial court possesses the authority to dismiss a case in which a party fails to comply with a discovery order.  Specifically, if a party "fails to obey

4

an order to provide or permit discovery, a court may dismiss "[an] action or proceeding in whole or part." Rule 37(b)(2)(A)(v).

A court similarly possesses authority to dismiss a case pursuant to Fed. R. Civ. P. 37(d) and 41(b). As applicable here, Rule 37(d) provides that a court may impose sanctions against a party who, "after being properly served with interrogatories under Rule 33 [and] requests for [production of documents] under Rule 34, fails to serve its answers, objections or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Furthermore, Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." Accordingly, if a *pro se* plaintiff fails to comply with procedural requirements governing discovery or a court's order, a court may grant an involuntary dismissal. *See, e.g., Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111, at *1 (D. Md. Aug. 13, 2009) (*pro se* plaintiff's case dismissed after she failed to: (a) appear for properly-noticed depositions; (b) supplement interrogatories; and (c) "file a status report despite the court's directives that she do so").

All three of these Rules of Civil Procedure form part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 62 (1991).

A court should only dismiss a case with prejudice in the most "egregious [of] cases," namely "where the party's noncompliance represents bad faith and callous disregard for the authority of the [court] and the Rules." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). With that in mind, before ordering dismissal under Rule 37(b) or Rule 37(d) due to a discovery violation, a court must analyze four factors:

5

> (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.

*Belk v. Charlotte Mecklenberg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).  If a court chooses to dismiss a case under Fed. R. Civ. P. 41(b), it must analyze:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r of Internal Revenue*, 916 F.2d. 171, 174 (4th Cir. 1990).

Finally, before dismissing a case with prejudice, "a court must give the noncomplying party a[n] 'explicit and clear' warning of the consequences of failing to satisfy the court's conditions and orders."  *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007) (citations omitted).

In the Motion for Sanctions, Defendant WMATA assert that Plaintiff's failure to respond to their discovery requests: (a) is deliberate and evidences her bad faith; (b) prejudices them, as they have "expended hundreds of dollars issuing subpoenas for [Plaintiff's] medical records and. . . counsel has expended dozens of hours of time attempting to obtain the discovery to which it is entitled;" and (c) leads to the conclusion that no alternatives short of dismissal are appropriate.  (Motion for Sanctions, p. 2).

The Court agrees with Defendants that dismissal is the appropriate sanction pursuant to Rules 37 and 41(b).  Under both tests, the Court must first evaluate Ms. Flowers' bad faith and personal responsibility in failing to provide discovery.  Here, Plaintiff commenced this action and later filed an amended complaint, however, she failed to respond to prior counsel and later to Defendants' discovery requests.  The record reflects that the last date that Plaintiff participated in this case was before January 19, 2022.  To date, Ms. Flowers has been silent, even failing to respond to Defendants' Motion for Sanctions.  If a party fails to respond to interrogatory requests,

dismissal is appropriate. *Green v. Chatillon & Sons,* 188 F.R.D. 422, 424 (M.D. N.C. 1998)(*citing Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 643 (1976)). Moreover, if a party fails to comply with a court's discovery orders, bad faith is presumed. *Id.* Here, Plaintiff has failed to respond to-- and ultimately failed to comply with-- this Court's orders compelling the production of discovery. Accordingly, Ms. Flowers has acted in bad faith. *See Doggett v. City of Hyattsville, Md.*, TDC-13-3889, 2014 WL 6471748, at *3 (D. Md. Nov. 17, 2014)(bad faith found when plaintiff "repeatedly refused to participate in a lawsuit that he himself initiated").

Next, the second prong of the Rule 37 and Rule 41(b) tests requires the court to analyze prejudice to the Defendants. Here, Plaintiff's failure to participate in discovery for more than nine months has clearly prejudiced the Defendants. In addition to the hours spent on discovery to defend against Plaintiff's claims, Plaintiff's silence caused Defendants to file the motion to compel and the Motion for Sanctions. Defendants have clearly suffered prejudice. Furthermore, the third prong of the tests requires the court to analyze the need for deterrence and whether a history of Plaintiff proceeding in a dilatory way exists. Since on or before January 19, 2022, Plaintiff has failed to respond to the discovery requests and court orders. The record is clear that both the Court and Defendants have attempted on multiple occasions to reach Plaintiff at her address of record, to no avail. Plaintiff's failure to respond or to update her address as required by Local Rule 102.1(b) has prolonged this litigation, and there is a need to deter other plaintiffs from failing to abide by court orders and the Local Rules.

The last factor under both tests is whether an alternative to dismissal exists. Again, Plaintiff's failure to communicate with counsel and the Defendants and to inexplicably abide by the Court's orders lead the Court to believe that no sanction other than dismissal with prejudice would be effective. Indeed, courts in this district routinely dismiss with prejudice cases involving

a non-participating plaintiff.  *See Hughley v. Leggett*, DKC-11-3100, 2013 WL 3353746 at *2 (D. Md. July 2, 2013) (Dismissal ordered where plaintiff initiated suit and then "utterly fail[ed] to participate in discovery or otherwise respond"); *see also, e.g.*, *Trung Vien v. Walker*, PJM-12-1796, 2014 WL 900803, at *1 (D. Md. Mar. 5, 2014); *Adams v. Md. Mgmt. Co.*, WDQ-11-2408, 2013 WL 142074, at *3 (D. Md. Jan. 10, 2013); *Robertson v. Deco Sec., Inc.*, WDQ-09-3093, 2010 WL 3781951, at *1 (D. Md. Sept. 22, 2010).

Finally, this Court will dismiss Plaintiff's Amended Complaint with prejudice because on several occasions, (*see, e.g.*, ECF Nos. 78, 80), it provided orders to her at her last known address, which contained "explicit and clear warning[s] of the consequences of failing to satisfy [this Court's orders]." *Malhotra*, 240 F. App'x at 590.

### III.  CONCLUSION

In sum, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(3), and Rule 41(b), the Court **GRANTS** Defendants' Motions for Sanctions and dismisses with prejudice all of Plaintiff's claims.

The Clerk of the Court is directed to **CLOSE** this case.


Dated: November 7, 2022                     _____/s/_____
                                            The Honorable Gina L. Simms
                                            United States Magistrate Judge